UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>JORDAN PYHTILA,<br>        Defendant. | Case No. 09-cr-00276-PJH-1<br><br>**ORDER DENYING REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE AND MODIFYING CONDITIONS OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 47 |

        Defendant Jordan Pyhtila, appearing pro se, has filed a request for early termination of probation, which the court construes as a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). Dkt. no. 47. The matter is fully briefed and suitable for decision without oral argument. The court hereby DENIES the request for early termination, and MODIFIES the terms of supervised release.

        Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  *See United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior, that render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citation omitted).

On November 25, 2009, Mr. Pyhtila was sentenced to 72 months imprisonment and 3 years of supervised release upon pleading guilty to one count of maintaining a place for marijuana cultivation in violation of 21 U.S.C. § 856(a)(2), and one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  Mr. Pyhtila has served 23 months of his supervised release term, and reports to a probation officer in the District of Colorado, where he currently lives with his family.  He now seeks early termination of supervised release on the ground that the 3-week advanced notice requirement for obtaining his supervising probation officer's approval to leave the state has negatively affected his business opportunities.  Doc. no. 47.

The government filed an opposition to the § 3583(e) motion on January 20, 2016, commending Mr. Pyhtila's compliance with the conditions of his release and his strides toward building a productive and stable life.  Doc. no. 49.  Although the government argues that there are no extraordinary or compelling circumstances to justify a reduction in sentence or early termination of supervised release, the government recommends modification of the conditions of supervision as follows: (1) permit the defendant to travel to all states west of the Mississippi River with written notice to the Probation Officer prior to the time of travel but without prior approval by the Probation Officer, and (2) permit

1  travel to other areas of the United States upon prior approval by the Probation Officer
2  which may be obtained upon 3-days' written notice. *Id.*

3  On January 22, 2016, the Probation Office submitted a response to the request for
4  early termination. The Probation Office obtained a letter from Mr. Pyhtila's supervising
5  probation officer in the District of Colorado, which states that Mr. Pyhtila has upheld a
6  stable residence, while building and sustaining his own excavation business. He was
7  referred for ongoing random urine screens and submitted 36 out of 37 (missing one in
8  June 2014), all with negative results. All other conditions of supervision have been
9  satisfied. The Probation Office indicates that although Mr. Pyhtila has remained in
10 compliance with the terms of supervised release, it is unaware of circumstances that
11 warrant early termination. The Probation Office suggests, however, that the court order
12 the District of Colorado to allow Mr. Pyhtila to take advantage of any reasonable job
13 opportunities within the state of Colorado and outside the state of Colorado absent their
14 district's 3-week advanced notice policy. The Probation Office also recommends that Mr.
15 Pyhtila be required to provide all pertinent information to his supervising probation officer
16 regarding his itinerary, housing and length of job placement. The Probation Officer
17 further recommends that the court initiate transfer of jurisdiction to the District of
18 Colorado.

19 The court commends Mr. Pyhtila for pursuing opportunities to rebuild his life and
20 support his family. Because compliance with the terms of supervised release is
21 expected, the court does not find that defendant has demonstrated changed
22 circumstances that render the previously imposed term or condition of release either too
23 harsh or inappropriately tailored to serve the general punishment goals of section
24 3553(a). *See Miller*, 205 F.3d at 1101. The request for early termination of supervised
25 release is therefore DENIED.

26 To address the limitations on his ability to pursue business opportunities identified
27 by Mr. Pyhtila, the court adopts in part the recommendations of the government and the
28 Probation Office to modify the conditions of supervised release. Accordingly, IT IS

3

HEREBY ORDERED that the standard conditions of supervised release, set forth in the judgment entered December 3, 2009 (doc. no. 38), are MODIFIED as follows:  Standard Condition (1), which provides "The defendant shall not leave the judicial district without permission of the court or probation officer," and Standard Condition (9), which provides "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment," are MODIFIED to permit Mr. Pyhtila to travel within the United States for the purpose of pursuing or fulfilling business or new employment opportunities without prior approval by his supervising probation officer, on the condition that prior to the time of travel, Mr. Pyhtila provide written notice to his supervising probation officer of his travel plans, including all pertinent information regarding his itinerary, housing, information how he can be contacted when he is out of the district, and expected time period of job placement.  The other conditions of supervised release remain unchanged.  Thus, if Mr. Pyhtila plans to travel for reasons that are not job-related, he must seek permission of the court or his supervising probation officer.  Similarly, if Mr. Pyhtila changes his residence for any reason, he must give 10-day advance notice to his probation officer.

     The court adopts the recommendation of the Probation Office that jurisdiction be transferred to the District of Colorado.  The Probation Office shall prepare an order of transfer.

     **IT IS SO ORDERED.**

Dated: January 29, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge